OPINION OF THE COURT — by the
Hon. EDWARD TURNER.
This is an appeal from the judgment of the Wilkinson circuit court, rendered at the last May term.
The suit was originally commenced under the act concerning forcible entries and detainers, passed June, 1822, before Benjamin Eccles, a justice of the peace of said county, (who was also at the same time clerk of the county court of said county, and acted in the case in both capacities,) by David Davis, as administrator de bonis non, of the estate of Henry Hunter, dec’d, against John F. Carmichael, for unlawfully turning him the said Davis, as aforesaid, out of possession of a certain portion of land, part of a tract lying in said county. The defendant was required, by the process, to appear on Tuesday the 25th of April, and the record shews the proceedings before the said justice and his associates, to have been commenced ón Tuesday the 28th of April. The defendant did not appear by himself or counsel. A verdict was rendered on the petition, in favor of the petitioner, in the form prescribed by the statute, and judgment thereon rendered, and writ of possession awarded; and the justice’s court then adjourned. The defendant below, Carmichael, applied to the judge of the third judicial district, for a writ of certiorari, to remove the proceedings into the said circuit court, and tó be restored to the possession of the premises in question. The writ was granted, and returned executed, to the last term of that court. The defendant below, Carmichael, shewed by affidavits that he was prevented from appearing at the trial of said case before^ the justices, by indisposition in health, and that his *222 counsel was also prevented, by engagement in public business; and that on the day on which the justices’ judgment was rendered, he prayed an appeal before the said presiding justice, B. Eccles, which was refused, as his court had adjourned at the time the application was made. None of which facts appear in the record of the justices’ proceedings, or in the return to the writ of certiorari. The circuit court, on hearing the case, ordered and adjudged “ that the proceedings in the court below in refusing an appeal to the said defendant, John F. Carmichael, and all subsequent proceedings therein, be set aside, and that the cause he remanded to the said court, and that they proceed to grant the appeal as prayed for by said Carmichael.” It appears also, by the transcript sent up, that a writ of possession issued by said B. Eccles, as clerk, as aforesaid, and was received by the sheriff on the 26th of April, and was executed, by putting the petitioner below, by N. Hunter his agent, in pofession of the premises, on the 27th of April.
Several points have been raised in this case, most of which, it is unnecessary to decide. The justices’ court, constituted by the said act, is one of limited and special jurisdiction: and although declared by the statute to be a court of record, it has no permanency — no continued existence. There has to be a new court for each case. Hence, that system and regularity of proceedings, so desirable in all judicial tribunals, is not to be expected in these jnstices’ courts. They have no regular presiding justice, and have to use the clerk of another court to record their proceedings: and yet they are a court of record. According to our constitution, each court has the power of appointing its own clerk. And in the case before us, the clerk of the court was the presiding justice. These special courts are generally constituted and intended to subserve public convenience — but they serve more effectually to increase litigation, and to render judicial proceedings uncertain, and to perplex and embarrass the regular courts of the country.
We have some doubts whether this is a constitutional court, having no clerk of their own appointment; and doubt also the propriety of the clerk acting as a justice of the court, on strict legal principles. But on these points we will give no opinion, as it is not necessary to decide them. We ' think the judge of the circuit court erred in relation to the appeal, as he *223 bad to travel out of the record, to find the fact on which he decided.
The'court will give a distinct opinion on ono point only in this cause, and that is, as to the right of an administrator, to the possession of the real estate of his testator, or to any action to recover the possession.
According to the long established principles of law, the real estate of a deceased person descends to the heirs at law, and the personal goes to the executor or administrator, subject to such dispositions as may be made thereof by the testator by last will and testament. The instances in which an administrator can lawfully dispose of the real estate of his intestate, are special, and are prescribed by statute. Whenever, therefore, it becomes necessary for an administrator to dispose of real estate, he must bring himself within the provision of some statute, by a shewing, on the record, and must pursue his authority strictly. In. this case no such shewing exists. We recognize the principles laid down in the case of John Willard, plaintiff m error, vs. Joanna Nasow, administrator; reported in 5. Massachusetts Rep. p. 240, as sound law, applicable to this State, and for the sake of brevity, refer thereto, for the reasons of this opinion.
If David Davis had said in his own name, and right of possession, and riot as administrator, he might have maintained his suit against .a wrong doer.
If he had set forth a case on record, by which he could have brought himself as administrator within the provisions of any statute, authorizing him to possess or dispose of the real estate of his intestate, he might have -maintained this action. But not having done so, he, as administrator, had no right to this, or any other action, to recover possession of the premises in question.
It is therefore ordered and adjudged that the judgment of the circuit court be reversed; and also, that the judgment of the justices’ court be reversed, at the costs of the appellant, D. Davis, administrator of Hunter, and that a writ of restitution be awarded in favor of J. F. Carmichael.
Judges Child and Black concurred.